# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARLON LORENZO BROWN,

    *Petitioner*,

vs.

EIGHTH JUDICIAL DISTRICT COURT,

    *Respondent.*

2:17-cv-02708-JCM-GWF

ORDER

Petitioner, a state pretrial detainee, has filed a habeas petition under 28 U.S.C. § 2241 without properly commencing the action by paying the filing fee or filing a pauper application.

This is the second habeas action that petitioner has commenced recently without either paying the filing fee or filing a pauper application. The present papers were filed after the dismissal of the prior action, and it appears that petitioner used the § 2241 petition form that the clerk forwarded with the dismissal order.

As the court stated in the prior dismissal order, petitioner must properly commence each action that he files by contemporaneously either paying the filing fee or submitting a properly completed pauper application in that action. Any action that is not properly commenced is subject to immediate dismissal absent substantial prejudice.

It does not appear that a dismissal of this improperly-commenced action without prejudice to the filing of a new and properly commenced action under a new docket number would constitute the functional equivalent of a dismissal with prejudice or otherwise cause substantial prejudice. Petitioner is challenging his pretrial detention by state authorities; and

the one-year limitation period of 28 U.S.C. § 2244(d) is not applicable to such an action, which arises under § 2241 rather than § 2254.

This action, like the one before it, will be dismissed, for the same reason.

IT THEREFORE IS ORDERED that this action shall be dismissed without prejudice.

IT FURTHER IS ORDERED that a certificate of appealability is dened. Jurists of reason would not find debatable whether the court was correct in its dismissal of the action without prejudice on procedural grounds, for the reasons discussed herein.

IT FURTHER IS ORDERED, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the clerk shall make informal electronic service upon respondents by adding state attorney general Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. **No response is required from respondents other than to respond to any orders of a reviewing court.**

The clerk of court shall send petitioner: (a) a copy of his papers in this action; (b) two copies of an inmate pauper application form and one copy of the instructions; and (c) two copies of an AO-0242 form for a § 2241 petition, which can be retrieved from the forms page on the JNet.[1]

The clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: October 27, 2017.

_____
JAMES C. MAHAN
United States District Judge

---

[1] Petitioner additionally should attach copies of all state court decisions addressing the claims that he raises in the federal petition. The court does not imply by omission that the papers presented are not subject to other deficiencies. Federal courts generally may not interfere in pending state criminal prosecutions absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37 (1970). Further, petitioner must name his immediate physical custodian, in this instance the sheriff, as respondent.